This appeal seeks reversal from a decision from the PTAB regarding a single claim in a patent that was instituted on four grounds, but the board only considered one ground in its decision. That was ground three, that it attacks the patent's claim under a combination of three references. So you didn't argue below with respect to the preamble that the combination of the public and the general knowledge of someone skilled in the art didn't show the limitations? We didn't argue as to whether the limitations in the preamble were taught by the references in particular. We had a different aspect of the challenge, which was that the third reference Chung was not explained in the petition to have been motivated for the combination with the other two references. So this shows up in that the board did an end around that argument and said that Chung was not needed because the McCullough reference as to the preamble limitations taught the entirety of the preamble. So why isn't that permissible under real-time data? I'm sorry, Your Honor, I couldn't hear you. Why isn't that permissible under real-time data? Our opinion is that the three references as instituted are prior art references and it is a combination of three references, not a combination of two references. What's your argument here? Are you saying that you were somehow harmed when the board did not review Chung as a prior reference? Our position is that Chung is a required reference because the board's determination that McCullough as presented in the petition alleged the entirety of the preamble being disclosed is an error. If you look at the petition... There's three prior references here. The board addressed two and said that the basic decision on those two. How were you harmed by Chung not being considered by the board? Are you saying that you didn't have opportunity to address it? Well, that's not what the petition presented. In IPR, I'm going based on what the petition is presenting to me. And that was a combination of three references. And that requires the third reference to have been shown combinable and motivated to do so with the other references. And the Chung reference is not an alternative reference under real-time or otherwise because it was not clearly presented in the petition as being alternative. The word alternative is not used. There's other grounds in the same petition that describe Chung in the same way. For example, in the fourth ground, Chung is a primary reference. There's nothing in the document that explains, in the case of the third ground, we're not using Chung as a real reference. We're using it as something called general knowledge. If they wanted to use it for general knowledge, they should have been a lot clearer on that point. So our position is that the Chung reference is, as instituted, a combination of three references. There's no explanation. I think the board even concedes that Chung was not combined. There's no explanation for its combining with the other references. That may be, but the petition treated, for example, under the 1.1 issue, treated the combination of McCulloch and de Bono explicitly. So it wasn't as though you were deprived of knowledge that that was a combination they relied on without Chung. We're not disputing that McCulloch and de Bono weren't combined. We're disputing that the third reference wasn't combined. Right, but you were on notice that that was one of the alternative arguments. It was just the combination of McCulloch and de Bono. If Chung is not included, then the board's decision is still erroneous because they relied on McCulloch, and McCulloch does not teach the entirety of the preamble. There may be a separate argument that they can find the preamble limitations in the other art, but that's not what was alleged in the petition. What did they not consider in the preamble? Two limitations, enabling an ignition switch to start the engine. They didn't comment on that with respect to McCulloch. And also a lever lock that presents movement of the transmission lever to shift into gear until said brake pedal is pressed. That part was not considered. McCulloch discloses a limitation on engine start until you have a smart key, right? And all cars can't shift into gear unless you press the brake pedal, correct? Certainly today you have to press the brake pedal, sure. But the petition has to say that if they're going to rely on that single reference. They made allegations, for example, as to the brake press and the shifting with respect to Chung. So that's the point, is that the board should not have done an N around of Chung, and they should have required Chung to be part of the challenge basis. So the board found that you waived that McCulloch fails to teach in the preamble. You didn't make an argument to that. You can't make that argument here, and I think in response to Judge Dyke, you're making that argument. I'm not making that argument directly. I'm making the argument that Chung is a necessary reference. Because the petition, in order to allege the entirety of the preamble, needed to use Chung's statement from the petition. So the board cannot say that it's an alternative reference. And therefore, Chung is included in the basis, and the defect then in the petition is that there is no explanation for a motivation to fight. Moving on to limitation 1. Before you leave that, the question I asked you before, aren't the things that were not covered by the board common knowledge and part of just the background? Would they have had regressions specifically? We could concede that if the three references as instituted were considered, combining them together, I think they could arrive at the preamble. Moving on to McCullough and with respect to limitation 1.1. The claim is a smart key system for an automobile recites a two-step key fob authentication. The first key fob authentication is to carry out starting of the engine. The second is carried out for shifting the gear when the brake pedal is pressed. The dispute here is over whether the second key fob authentication is thought of, suggested by McCullough or McCullough with de Bono. The petition principally relies on the combination with de Bono and McCullough. But there is a single paragraph in there relying on McCullough alone. McCullough and the general knowledge of a skilled artisan. In our opinion, your honor, there is no distinction between the two. Any 103 rejection is in the eyes of one of our skilled in the art. Additionally, I note that the general knowledge terminology is pretty vague in the petition and not consistently relied on or explained. Okay, but take McCullough and de Bono. McCullough discloses the smart key in the engine start. Yes, your honor. De Bono discloses authentication required for shifting when the brake pedal is pressed. But you also have to have an authentication. Almost, your honor. And the board found there was a motivation to combine and the petitioner laid out a motivation in detail as to why that would be desirable. So what's the matter here? Why is this lacking substantial evidence? Good question, your honor. There are, it is a two-step. McCullough has one step, the first step. De Bono is in a different reference. It's about shifting. It has one authentication. Our claim requires two. So both references are using one. Right, and the petitioner explained at some length why it would be desirable to have two. What the motivation was for combining. We're not challenging directly the motivation. We're challenging, basically we're saying it's a hindsight combination. What was extracted from De Bono by the petitioner and the board was this vague notion of an authentication check after engine start. Okay? Counselor, I share the same concern that Judge Mayer spoke to, and that is that it was well known in the art that if you pressed the brake pedal at any time you tried to shift the car into gear, that you had an authentication at that point. And this is, a person still in the art would have known that. I'm not sure what you're referring to, your honor. In McCullough, there's a statement in paragraph 35 about an alternative configuration that would utilize a brake press in conjunction with putting the shifter into the so-called O position or on position. Those two things could be used in combination to start the engine. But returning to my point, what was extracted from De Bono is not a teaching from De Bono. It's an extracted concept. The only way they could have gotten to this concept was using hindsight. They extracted an authentication check after engine start. That is not an express teaching in reference. In De Bono, the user puts his hand on the shifter, puts his thumb on some sensor, biometric sensor, and that causes an authentication. Then he can shift. So that's the teaching. That authentication is not from a brake press. It's only one authentication. And there's no, the board basically says it's of no significant moment that De Bono teaches authenticating a key fob or whether De Bono teaches two authentications. So they don't care about that. Rather, as presented in the petition, the teaching from De Bono applied by the petitioner is simply an authentication check after engine start. So again, the board is doing an end run around the reference. This time, they're just ignoring all the distinguishing features and just saying, hey, we don't care about that because we're just picking and choosing this phrase. And then we'll take that and stick it in the first reference. And magically, we arrived at the invention. OK. I think we're about time here. We're going to be two minutes. We're about ready. OK. Thank you, Your Honor. Mr. Seastrunk. Good morning, Your Honors, and may it please the Court. My name is David Seastrunk, representing the Appellate Unified Patents in this appeal. Your Honors, I'd like to continue the discussion on the preamble. And I'd like to briefly address the issue of waiver, especially just to highlight what is different about the facts of our case. The first is, I think this Court has noted, these are not nuanced facts in the proceeding before the board. They were aware of this argument from the petition and the institution decision. They had opportunities to respond in their patent owner response, in their certify, and in their oral argument. And they never raised any substantive argument against the prior arts disclosure of the preamble. The second difference here is that we have a finding from the board in the final written decision that this argument was waived. And so we're not arguing waiver or forfeiture here for the first time on appeal. And even more notably, Engelgrange isn't even asking you to set aside the board's finding of waiver in the final written decision. And given the facts of the proceeding below, I'm not sure how they would do so. And certainly they wouldn't be able to show that the board abused their discretion in making the finding that they did in the final written decision. Your Honors, I'd like to next address. So even if we don't consider waiver for the preamble, there is substantial evidence cited in the final written decision, supporting a finding that McCullough alone discloses all of the limitations of the preamble. We heard that there are two allegedly missing limitations that are raised for the first time on appeal, which I will paraphrase as the ignition switch for starting the engine and the shifter lock that locks the shifter until a brake is pressed. Setting aside commonly known, these elements would have been in the relevant time frame at 2009, McCullough teaches them in evidence cited by the final written decision. Your Honors, at appendix 35, the board cited several paragraphs and figures of McCullough that get to these two now disputed elements. For the ignition switch, McCullough explains in paragraph 17 and 25, how its shifter can be used to start the vehicle or initiate an engine starting sequence. And this is evidence cited by the board in their final written decision. For the locking shifter, the board cited two paragraphs, 35 and 36 of McCullough, which explains that McCullough teaches an operation very similar to that of the patent. That is, you would press the brake, it would send an authentication signal, and then as a result of that authentication signal, the system will determine whether to lock or unlock the shift lever. And so again, this is evidence from McCullough itself cited in the board's final written decision that would be another alternative basis for affirming the board's final written decision. And as the court noted, and there were arguments presented towards the preamble related to Chung, but for the two reasons I just discussed, this court does not even need to reach any of those issues because there are at least these two bases for affirming the board's final written decision. Your Honors, if there are no additional questions as to the preamble, I will turn to addressing limitation 1.1. Your Honors, so as the discussion is illuminated, we provided and the board found two independent bases for finding limitation 1.1 disclosed. The first alternative presented by the board is McCullough in view of the general knowledge, and the second alternative is the combination of McCullough and De Bono, and I'd like to briefly address the combination first. The board provided over 15 pages of analysis in its final written decision with substantial evidence supporting our arguments that the combination of McCullough and De Bono renders limitation 1.1 obvious. As we just heard counsel say, they're not even disputing that there was a motivation to combine in McCullough and De Bono, and much of the evidence surrounding motivation to combine and the evidence cited by our expert in the proceeding before the board is uncontested. I would like to briefly address the arguments that counsel has made that it's now making on appeal against the combination, and one of those is that neither reference in the combination discloses two authentication checks. As Your Honors have noted, this argument is relevant, and the board found in the proceeding before it that this argument misses the mark because this is not the combination that we proposed, and it's not the combination that was adopted by the board. Again, there's no dispute that McCullough teaches the first authentication that occurs at or during the engine start process, and that De Bono teaches a second authentication check that would occur after the engine has started. I heard counsel say that we are attempting to fabricate a teaching in De Bono, but that is wrong. There's a lot different, though. I mean, it does authenticate, but it's a biometric authentication. I gather it's fingerprints. Isn't that how it works? That's right. When they touch the gearshift? That's right, Your Honor. Which is totally different from this. I mean, it shows a second authentication, but not in a similar way. That's right, Your Honor. So to briefly address that point, that is, I guess, gets to their argument that we are allegedly extracting teachings from De Bono or failing to treat it as a whole. However, before the board, we never hid that De Bono operated this way, and in our combination and in our motivations, we explained why it would have been known to a person of skill in the art to that, for example, biometric authentication was a similar technique and was known to a faceta to be interchangeable with a key fob authentication like in McCullough's system. So we provided evidence of record that has never been contested and is corroborated or includes corroborated expert testimony that it would have been known to a person of skill in the art that biometric systems, biometric authentications were interchangeable with key fob authentications. And this is true because both types of authentication are really getting to the same point, that being they're trying to authenticate and determine whether the driver of the vehicle is the correct person that should be driving the vehicle. And so, again, this is evidence we provided through our expert with additional corroborating references. This is specifically at Appendix 136, 137. And so for that reason, this is how we explained that De Bono's teaching would be applicable to McCullough's key fob system. If somebody had, if someone stole a car that had biometric, they wouldn't be able to shift the gear, whereas if they stole a car where the fob was still there, they would. That is a situation, yes, Your Honor, that is a situation that I believe could occur. However, that doesn't discount. But around here, it could occur a lot. Well, Your Honor, I think it doesn't discount from the combination that we made. Even if, for example, biometric shifter could be seen as even more robust than a key fob authentication system, that doesn't necessarily lead to a conclusion that De Bono's teaching still would not be applicable or useful to include as an improvement to McCullough's system. And so that's really what we're saying here. Does De Bono require everybody who uses a car to, I guess, upload their fingerprint or their eye, if it was being read? Your Honor, I believe it does use a fingerprint scanner. I'm not sure if it – Wouldn't a person skilled in the art be taught away from that technology? Because that seems difficult with respect to a car. Your Honor, I don't think it teaches away in the way that we presented our combination here. For the reasons that I was just discussing, those are the reasons we set forth that are not contested by the patent owner as to why. So when you drive your car to a valet parking lot, do you have to upload the valet's fingerprints? Your Honor, in De Bono's system, that may be the case, but I don't – Wouldn't a posita turn away from that and say, okay, I can see how you can authenticate by using biometrics, but it doesn't make sense to do that with respect to a vehicle? Well, Your Honor, I do agree with your point. However, that is not the combination that we have presented here. And in fact, that could even be a reason why a posita would have taken De Bono's teaching, which is the teaching of authenticating after an engine is started, because that would provide additional anti-theft benefits to the system. And that would have been even more reason to use McCulloch as a base system to include that teaching and provide a more robust system that uses a key fob. And I would like to quickly address one of counsel's statements that there is no – or that we're attempting to fabricate a teaching in De Bono of the authentication occurring after the engine is started. I would direct the Court to Appendix 893 of De Bono, Column 6, Lines 15 through 36. And this is where De Bono makes clear that in operation, it allows you to start the vehicle and then will perform an authentication check after the engine is started. So this is not something that – and this is evidence that is, of course, cited by the Board in our petition. And so we're not attempting to fabricate anything in De Bono. It's explicit. Your Honors, unless there are any further questions about the combination, I would like to briefly address another alternative basis that the Board found for affirming Limitation 1.1, and that is McCulloch in view of the general knowledge. Your Honor, for this limitation, the Board also found we prefer, on this issue at Appendix 44, Note 24. This is slightly different than the preamble, but nonetheless the Court could affirm on this basis for the same reasons. They had noticed that we were making the argument of McCulloch in view of general knowledge. That finding is not challenged. What page was that? Your Honors, it's the Board's footnote, footnote 24 on Appendix 44. This is where the Board found waiver of Limitation 1.1. And, again, to be clear here, this is where the Board found that Engelgrange failed to address the precise argument, which is McCulloch in view of general knowledge, and instead, in the proceeding before the PTAB and now on appeal, they really are only arguing against McCulloch's express disclosures. And so this, again, would be another alternative basis for affirming the Board's final written decision. But even if the Court elects not to find waiver here or agree with the Board's finding, McCulloch in view of general knowledge itself would be yet another alternative basis for affirming Limitation 1.1. Again, there's no dispute between the parties that McCulloch teaches the first authentication check. And as the Board noted in their final written decision, this does not end in inquiry because we also offer general knowledge. The Board identified our uncontroverted evidence and argument because it was not a contested issue before the Board, supporting what was in a facetious general knowledge, which are the concepts of pressing the brake to unlock a shifter and to perform an authentication check. The Board agreed with us that it would have been obvious to perform McCulloch's authentication check whenever the brake was pressed, meaning also after engine start. So even here on appeal, they're not really contesting the facts supporting the Board's conclusion, and to the extent they even address general knowledge now on appeal, they only do so in the context of saying that there was improper hindsight or an improper obviousness analysis. So, Your Honors, unless there are any further questions, we think affirming the Board's final written decision here is straightforward, and there are multiple alternatives to do so for both the preamble and Limitation 1.1. So we'd ask that this Court affirm the Board's final written decision. Thank you. Mr. Thomas, you have two minutes. The petition itself concedes that McCulloch operates without any need or desire for a second authentication. The petition even states that after authentication of a key fob for starting the engine, the gear shifter is free to move until the engine is shut off. That's in Appendix 136 part of the petition. The petition's expert made the same statement. So that suggests that there's not a second authentication or shifting. Yes, I'm dealing with McCulloch by itself at the moment. There were no findings made by the Board that McCulloch or this mythical general knowledge taught a second authentication. Instead, there was only unsupported assertions of obviousness in a single paragraph with conclusory statements that normally I would think would not be specific enough to warrant consideration. There are contrary statements in the petition and from the petitioner's expert and the owner's expert that undercut this basic premise of they could do a second authentication. McCulloch itself says that it can shift freely once first authentication is done. Petitioner's expert stated McCulloch does not disclose authentication when a brake pedal is pressed after engine is started. That's the reference we're relying on and their expert says it doesn't do it anymore other than once. Pat and owner's expert made the same statement. Thank you, Your Honor. Thank you, Mr. Thomas. Thank you, Mr. Seastrong. The case is submitted.